# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**SCOTT KNIGHT,**

      **Plaintiff,**

v.                                                          **Civil Action 2:19-cv-4166**
                                                               **Judge Edmund A. Sargus, Jr.**
                                                               **Magistrate Judge Chelsey M. Vascura**

**ANTHONY KITCHEN,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Southeastern Ohio Regional Medical Center's ("SEORMC") Motion to Strike Untimely Service Request and Motion to Dismiss (ECF No. 64), in which SEORMC asks this Court to strike Plaintiff's requests for issuance of summons as untimely and dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(5) for failure to effect timely service. SEORMC alternatively seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In view of the division of duties set forth in Columbus General Order 14-01, the undersigned considers only SEORMC's arguments in support of striking the requests for summons and dismissal under Rule 12(b)(5). For the reasons that follow, SEORMC's Motion is **DENIED** insofar as it seeks dismissal under Rule 12(b)(5), and its request to strike the issuance of summons is **DENIED AS MOOT**. The Clerk shall not, however, terminate ECF No. 64 from the docket as SEORMC's arguments in favor of dismissal under Rule 12(b)(6) remain pending.

Defendants moves under Rule 12(b)(5). Rule 12(b) provides, in pertinent part,

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: . . . insufficient service of process . . . A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed . . . No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b).

Here, SEORMC raised its Rule 12(b)(5) defense in its Answer dated September 26, 2019, listing it as one among *twenty-two* other boilerplate defenses.  (ECF No. 6 at PAGEID #: 66.)  SEORMC repeated its boilerplate list of affirmative defenses in its Answer to the Amended Complaint on February 21, 2020 (ECF No. 24), but did not file the instant motion until December 11, 2020.  (ECF No. 64.)  In the intervening fourteen months since filing its original Answer, SEORMC participated in the Rule 26(f) conference, submitted a Rule 26(f) Report (ECF No. 13) in which it agreed that there were no contested issues relating to jurisdiction; it neglected to raise the service issue during the December 18, 2019 conference with the Court; it has presumably been engaging in discovery; and it has sought and obtained extensions of time to disclose expert witnesses.  (ECF Nos. 39, 55.)

Notwithstanding SEORMC's initial preservation of its Rule 12(b)(5) defense in its September 2019 Answer, it forfeited the defense by waiting more than fourteen months to raise the issue by motion while actively participating in the litigation.  The United States Court of Appeals for the Sixth Circuit has explained such forfeiture as follows:

> Even where a defendant properly preserves a Rule 12(b) defense by including it in an answer, he may forfeit the right to seek a ruling on the defense at a later juncture through his conduct during the litigation.  *See Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 60 (2d Cir. 1999); *see also Creech v. Roberts*, 908 F.2d 75, 84 (6th Cir. 1990) (Guy, J., dissenting) (noting that Rule 12(h) "sets only the outer limits of waiver; it does not preclude waiver by implication." (citation and internal quotation marks omitted)), *overruled on state-law grounds by Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541 (1994).  Asserting a Rule 12(b) defense in an answer "do[es] not preserve the defense in perpetuity." *Burton v. N. Dutchess Hosp.,* 106 F.R.D. 477, 481 (S.D.N.Y. 1985).  A defendant is "required at some

2

point to raise the issue by motion for the court's determination." *Id.* Waiting too long to do so can forfeit the defense.

*King v. Taylor,* 694 F.3d 650, 658 (6th Cir. 2012). Although there exists no "bright line rule" in evaluating such forfeiture, SEORMC's active participation in this case over the past fourteen months makes clear that its Rule 12(b)(5) defense has been forfeited. *See King*, 694 F.3d at 660 (internal quotation omitted) (finding that the defendant had waived an insufficient-service defense in part because the defendant attended a Rule 26 conference, submitted a Rule 26(f) Report, and "[v]oluntarily participated in full discovery on the merits"); *Beyoglides v. Montgomery Cty. Sheriff,* 166 F. Supp. 3d 915, 919 (S.D. Ohio 2016) (concluding that the defendant waived its affirmative defense of insufficient service in part because the defendant had attended a Rule 26(f) conference and "jointly submitted a Rule 26(f) report with the Court").[1]

Accordingly, SEORMC's Motion is **DENIED** insofar as it seeks dismissal under Rule 12(b)(5), and its request to strike the issuance of summons is **DENIED AS MOOT**. The Clerk shall not, however, terminate ECF No. 64 from the docket as SEORMC's arguments in favor of dismissal under Rule 12(b)(6) remain pending.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] SEORMC's reliance upon an Ohio state-court opinion to reach a contrary result is unavailing because federal courts apply federal procedural law in diversity cases. *See Degussa Admixtures, Inc. v. Burnett,* 277 F. App'x 530 (6th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).