**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SCOTT KNIGHT,**

    **Plaintiff,**

  v.                                                  Civil Action 2:19-cv-4166
                                                     Judge Edmund A. Sargus, Jr.
                                                     Magistrate Judge Chelsey M. Vascura

**ANTHONY KITCHEN, M.D.,** *et al.*,

    **Defendants.**

**OPINION AND ORDER**

    This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 75).  Plaintiff commenced this action on August 29, 2019, in the Court of Common Pleas for Guernsey County, Ohio, seeking damages for negligence and violations of 42 U.S.C. § 1983 for allegedly inadequate medical care he received while being detained by the Guernsey County Sheriff's Office.  (Compl., ECF No. 2.)  Defendants removed the action to this Court on September 19, 2019.  (Notice of Removal, ECF No. 1.)  On January 15, 2021—nearly a year after the deadline for motions to amend the pleadings, nearly a month after the close of discovery, and only two days before the deadline to file dispositive motions—Plaintiff filed the present Motion to amend his Complaint, seeking to "eliminate[ ] dismissed defendants and claims and clarify[y] his claims and theory of liability against the remaining defendants."  (Mot. 1, ECF No. 75.)  For the following reasons, Plaintiff's Motion is **DENIED**.

                            **I.**        **BACKGROUND**

    Plaintiff's Complaint named as Defendants the Southeastern Ohio Regional Medical Center ("SEORMC"), Dr. Anthony Kitchen, numerous Guernsey County public officials sued in both their individual and official capacities, and several John and Jane Doe Defendants.

(Compl., ECF No. 1.) Over the course of the litigation, all Defendants except SEORMC and Dr. Kitchen were dismissed. (*See* ECF Nos. 32, 48–49, 63.) On December 18, 2019, the Court entered a scheduling order in which the parties agreed that "Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than February 14, 2020"; that "all discovery shall be completed by September 18, 2020"; and that "dispositive motions shall be filed by October 19, 2020." (ECF No. 14.) The deadlines to complete discovery and file dispositive motions were subsequently extended to December 17, 2020, and January 17, 2021, respectively (ECF No. 40); however, the deadline for motions to amend the pleadings remained unchanged at February 14, 2020.

On February 14, 2020, the deadline for motions to amend the pleadings, Plaintiff filed an Amended Complaint, adding several new Defendants. (ECF Nos. 21–22.) However, SEORMC and the new Defendants moved to strike the Amended Complaint because Plaintiff had obtained neither leave of Court nor Defendants' consent, as required by Federal Rule of Civil Procedure 15(a)(2). (ECF No. 29.) The Court granted the Motion to Strike on April 3, 2020, making the original Complaint the operative pleading. (ECF No. 33.)

Plaintiff gave no further indication that he wished to amend his Complaint until the present Motion was filed on January 15, 2021 (ECF No. 75). Plaintiff asserts amendment is necessary to remove dismissed Defendants and to clarify his claims against the remaining Defendants SEORMC and Dr. Kitchen based on information revealed in discovery. (*Id.* at 4.) Defendants filed a Memorandum in Opposition on January 22, 2021 (ECF No. 77). Plaintiff has not filed a reply and the time to do so has now expired.

## II. STANDARD OF REVIEW

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P.

2

16(b)(3)(A).  When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).  "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment."  *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

### III.  ANALYSIS

Plaintiff has failed to establish good cause to modify the case schedule.  As an initial matter, Plaintiff cited the standard for amendments under Federal Rule of Civil Procedure 15(a)(2), which directs the Court to "freely give leave when justice so requires."  (Mot. 1, ECF No. 75.)  However, this standard is of secondary importance where, as here, the Court has already entered a scheduling order under Rule 16 and the deadline to amend the pleadings has passed.  *Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

Under the more stringent "good cause" standard of Rule 16, Plaintiff must demonstrate that he acted diligently in attempting to comply with the February 14, 2020 deadline to amend the pleadings.  But Plaintiff has not offered any explanation, beyond vague references to new information gleaned in discovery, for why he could not have amended his Complaint earlier.

3

Plaintiff does not identify the new information he obtained or explain what changes are necessary to his Complaint as a result.  Indeed, Defendants contend, and the Court agrees, that the proposed Amended Complaint does not substantively change the allegations against the remaining Defendants, raising the question of why Plaintiff believes amendment is necessary in the first place.  Moreover, Plaintiff was seemingly cognizant of the February 14, 2020 deadline for pleading amendments, as he attempted to file a previous Amended Complaint on that very day; yet even after the Court struck that Amended Complaint, he waited another nine months before seeking amendment again.  This course of conduct does not reflect diligence on Plaintiff's part.

Moreover, Defendants will undoubtedly be prejudiced if amendment is permitted at this late stage, when the deadlines for discovery and dispositive motions had already passed or were imminent at the time Plaintiff filed his Motion to Amend.  The United States Court of Appeals for the Sixth Circuit Court has "repeatedly held that allowing amendment after the close of discovery creates significant prejudice."  *Gormley v. Precision Extrusions, Inc.*, 174 F. App'x 918, 921 (6th Cir. 2006) (citing *Leary,* 349 F.3d at 907; *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 835 (6th Cir. 1999); *Moore v. City of Paducah,* 790 F.2d 557, 560 (6th Cir. 1986)); *see also Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").

In the absence of any explanation for why Plaintiff could not have amended his Complaint prior to the deadline for pleading amendments, and given the significant prejudice the

4

parties would suffer if Plaintiff were permitted to amend his Complaint at this time, Plaintiff's Motion is **DENIED**.[1]

### IV. DISPOSITION

For the foregoing reasons, Plaintiff has failed to demonstrate that good cause exists to modify the February 14, 2020 deadline to amend the pleadings. Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 75) is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants further argue that Plaintiff's Motion must be denied on grounds of futility. Because the Court finds that Plaintiff has failed to demonstrate the good cause required by Rule 16, the Court need not address Defendants' futility arguments.