UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT KNIGHT,

      Plaintiff,

  v.

ANTHONY KITCHEN, M.D, *et al.*,

      Defendants.

Case No. 2:19-cv-4166
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Defendant, Southeastern Ohio Regional Medical Center ("Defendant" or "SEORMC") filed a Motion to Dismiss (ECF No. 64) on December 11, 2020, asking the Court to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(5) for failure to effect timely service, to strike Plaintiff's requests for issuance of summons as untimely, and alternatively, to dismiss Plaintiff's claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted (ECF No. 64). Plaintiff Scott Knight ("Plaintiff") filed a Response in Opposition on January 15, 2021, and Defendant timely filed a reply brief. (ECF Nos. 74, 76.) The Court denied SEORMC's initial two arguments for dismissal. (ECF No. 65.) The Court now addresses SEORMC's Rule 12(b)(6) argument in support of its Motion to Dismiss. For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 64) is **DENIED**.

I.

The Court denied Plaintiff's Motion for Leave to Amend Complaint (ECF No. 75) on February 9, 2021, which merely sought to remove the dismissed defendants and allegedly clarify his claims. The Court found, *inter alia*, "that the proposed Amended Complaint does not

1

substantively change the allegations against the remaining Defendants," making amendment unnecessary. (ECF No. 78.)  Therefore, the Court only considers Plaintiff's original Complaint. (ECF No. 2.)  As this matter before the Court is a Motion to Dismiss, the Court treats the following well pleaded allegations in the Complaint as true and makes all reasonable inferences in Plaintiff's favor:

Plaintiff Scott Knight was incarcerated in the Guernsey County Jail around August 29, 2018.  (Compl. ¶ 9, ECF No. 2.)  While incarcerated, for two days Plaintiff was not eating or drinking, had ceased taking his medications and had been urinating and defecating on himself.  (*Id*. ¶¶ 9, 15.)  At 9:34 p.m. on August 29, 2018, Plaintiff was taken by Deputy Sheriffs to the emergency department of SEORMC and was given fluids, with the chief complaint being an "altered mental status."  (*Id*. ¶¶ 9, 11, 21.)  Plaintiff was unable to sign his medical furlough "due to his poor health condition."  (*Id*. ¶ 10.) Plaintiff's prescription medication list included an anti-seizure mediation to be taken twice daily, and in the medical notes provided by Guernsey County Sheriff's Deputies it was reported that he had ceased taking the medication.  (*Id*. ¶¶ 12, 15.) Plaintiff's initial nursing assessment at SEORMC revealed that he had a Glasgow Coma Scale of 13 out of 15, had dilated pupils, and was "disoriented," not answering questions and speaking of objects that were not present in the room.  (*Id*. ¶¶ 13, 14, 16.)

Defendant Anthony Kitchen, M.D., was the physician in the emergency department of SEORMC who saw Plaintiff.  (*Id*. ¶¶ 3, 18, 19, 22.)  Dr. Kitchen noted that Plaintiff refused to give a medical history.  (*Id*. ¶ 19.)  Being in custody, the Guernsey County Sheriff's Department had on file the medical prescreening form detailing that Plaintiff suffered from epilepsy, fainting spells, high blood pressure, psychiatric disorder, and seizures.  (*Id*. ¶ 20.)  Plaintiff was given IV fluids and diagnosed by Dr. Kitchen with dehydration. (*Id*. ¶ 22.)

Approximately four and one half hours after admission to SEORMC, at 1:51 a.m., discharged and taken back to the jail in a wheelchair because he was unable to walk, Plaintiff alleges his condition continued to deteriorate so that he was unable to move himself and experienced several seizures.  (*Id*. ¶¶ 23, 29.)  Within two hours he defecated on himself, and was unable to on his own get into the shower so was "wheeled to the jail's 'Sallyport' by a jail nurse and a corrections officer to [be] 'spray[ed] off.' "  (*Id*. ¶¶ 26, 27.)  A few hours later, Plaintiff "exhibited a decreased level of consciousness, evidence of a postictal state urinary incontinence, and was moaning."  (*Id*. ¶ 28.)

Plaintiff was taken back to SEORMC's emergency department at 7:15 a.m. on August 31, 2018, and while there he continued to have seizures.  (*Id*. ¶¶ 30–31.)  A different physician treated Plaintiff intubating him and giving several doses of antiseizure medication.  (*Id*. ¶¶ 30–33.)  During the treatment and intubation, Plaintiff went into cardiac arrest and required CPR to be resuscitated.  (*Id*. ¶ 34.)  A CT of Plaintiff found a "pulmonary embolus in the right lower lobe pulmonary arteries." (*Id*. ¶ 36.)  Plaintiff was eventually stabilized and transferred to Riverside Methodist Hospital.  (*Id*. ¶ 37.)

Plaintiff subsequently filed suit in state court, naming as Defendants SEORMC and Dr. Anthony Kitchen, among others; the case was removed to this Court on September 19, 2019.  (ECF No. 1.)  The Complaint contains two counts.

Through Count 1, a claim of common law negligence, Plaintiff alleges that Dr. Kitchen negligently failed to diagnose and treat.  (*Id*. ¶¶ 22, 44.)  Specifically, Plaintiff alleges that Defendant "had a duty of care" to him to "use the due care of an Emergency Department Physician[,]" "breached such duty by not meeting the standard of care for Emergency Medicine[,]" and that because of this "conduct below the standards of the medical profession" he "directly

3

caused Mr. Knight's worsening health, pain, suffering, including status epilepticus, cardiac arrest, and subsequent ongoing health problems[,]" which proximately caused Plaintiff to be damaged. (*Id.* ¶¶ 51–56.)  Plaintiff claims that Defendants SEORMC and Dr. Kitchen are jointly and severally liable for the negligence of Dr. Kitchen "based on the theories of liability herein[] enumerated and under such other theories of liability as may be appropriate based upon the facts as alleged herein and as revealed during discovery."  (*Id.* ¶ 51.)

Through Count 2, brought under 42 U.S.C. § 1983, Plaintiff alleges that the Guernsey County Sheriff's Office and certain named employees ("Guernsey County Defendants") violated his Eight Amendment rights. (*See id.* ¶¶ 57–61.) The Guernsey County Defendants, against whom Count 2 was brought, were previously dismissed by an Order of this Court in *Knight v. Kitchen*, 2020 U.S. Dist. LEXIS 174387, 2020 WL 5640442 (S.D. Ohio, Sep. 21, 2020). (ECF No. 49.) Only Defendants SEORMC and Dr. Kitchen and Count 1 remain.

## II.

Federal Rule of Civil Procedure 12 authorizes dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, the Court must read Rule 12(b)(6) in conjunction with Federal Rule of Civil

4

Procedure 8(a), requiring a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, "the tenet that court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. As such, while a plaintiff is not required to set forth detailed factual allegations at the pleading stage, a complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *See id.* at 679; Fed. R. Civ. P. 8(a).

### III.

Defendant SEORMC moves to dismiss the claim against it under Rule 12(b)(6). According to SEORMC, Plaintiff has not made any allegations against it, and Plaintiff has thus "not pleaded any claim or factual basis for a claim against SEORMC." (Def's Mot. to Dismiss at 10–11, ECF No. 64.) Plaintiff responds by submitting that he has alleged sufficient facts to support a claim against SEORMC based on both the "negligence of its employee" and the failure to "implement, monitor, and enforce adequate standards of care" for its emergency department. (Resp. at 4–5, ECF No. 74.)[1]

---

[1] The Court notes that Plaintiff argues throughout under a now defunct standard, *i.e.*, a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). As the Sixth Circuit has explained:

> In [*Twombly*], the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

Under Ohio common law, an employer such as a hospital may be held vicariously liable for the negligent acts of an agent. *See Klema v. St. Elizabeth's Hospital of Youngstown*, 166 N.E.2d 765, 766–67, 771 (Ohio 1960) (Syllabus ¶ 2) (respondeat superior); *see also Clark v. Southview Hosp. & Family Health Ctr.*, 628 N.E.2d 46 (Ohio 1994) (Syllabus ¶ 1) (agency by estoppel). In addition, "a hospital has a direct duty to grant and continue staff privileges only to competent doctors." *Schelling v. Humphrey*, 916 N.E.2d 1029, 1033 (Ohio 2009) (citation omitted). Plaintiff claims that Dr. Kitchen was negligent, and stated that Dr. Kitchen was a physician in SEORMC's emergency department.  (*Id.* ¶¶ 3, 52–56.)  Plaintiff is now claiming Dr. Kitchen and SEORMC are liable. (*Id.* ¶¶ 1, 51.)  Plaintiff has pleaded sufficient facts, supported by reasonable inference, to state a plausible claim against SEORMC.

### IV.

For the foregoing reasons, Defendant SEORMC's Motion to Dismiss (ECF No. 64) is **DENIED**.

**IT IS SO ORDERED.**

**4/26/2021**               **s/Edmund A. Sargus, Jr.**
**DATE**                    **EDMUND A. SARGUS, JR.**
                            **UNITED STATES DISTRICT JUDGE**

6